IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Universal Forest Products Eastern Division, Inc., | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 7:08-3943-HMH |
| vs. | ) ) | **OPINION & ORDER** |
| W. E. Mitchell, Individually, | ) ) ) | |
| Defendant. | ) | |

This matter is before the court on Defendant W. E. Mitchell's ("Mitchell") motion to vacate default judgment pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure. For the reasons stated below, the court denies Mitchell's motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On December 4, 2008, the Plaintiff filed the instant lawsuit against Mitchell requesting that the court find that "Mitchell is an alter ego of Mascot Homes, Inc. [("Mascot Homes")] and holding him jointly and severally liable to Universal for the debts and judgments of Mascot Homes, Inc." (Compl. ¶ 15.) Mitchell was personally served with the summons and complaint on December 9, 2008. (Dec. 10, 2008 Aff. of Service.) However, Mitchell never appeared in the case and no answer was filed. On January 21, 2009, default was entered by the clerk of court against Mitchell. The Plaintiff moved for default judgment on February 5, 2009. Default judgment in favor of the Plaintiff was granted on February 6, 2009. The Plaintiff was awarded damages in the amount of $230,772.42, plus interest at a rate of .49%; attorney fees and costs in the amount of $2,935.33; and prejudgment interest in the amount of $18,753.48. (February 6,

1

2009 Order 1.) The clerk's office issued a writ of execution on June 26, 2009, which was served on Mitchell on July 17, 2009. The instant motion was filed on September 10, 2009. The Plaintiff filed a memorandum in opposition on September 28, 2009. This matter is now ripe for decision.

## II. Discussion of the Law

In order to obtain relief from a default judgment under Rule 60(b), Mitchell must make a threshold showing of "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." Dowell v. State Farm & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (internal quotation marks omitted). After satisfying this threshold showing, a party seeking relief under Rule 60(b) must satisfy one of the six enumerated sections of Rule 60(b). Id. at 48. Mitchell is seeking relief pursuant to Rule 60(b)(1), which requires that he establish "mistake, inadvertence, surprise, or excusable neglect." Further, in light of the "judicial preference for trials on the merits," the court must "resolve any doubt as to the propriety of giving relief in favor of the moving party." Bonney v. Roelle, No. 96-1664, 1997 WL 407831, at *6 (4th Cir. Jul. 21, 1997) (unpublished) (citing Augusta Fiberglass Coatings, Inc. v. Fodor Contracting, 843 F.2d 808, 811-12 (4th Cir. 1988)).

### A. Threshold Showing

#### 1. Timeliness

The parties do not dispute that the motion to vacate was timely filed. The default judgment was entered seven months ago. The motion was filed within the one year deadline provided in Rule 60(b). Therefore, the timeliness requirement has been met.

## 2. Meritorious Defense

"A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." Augusta Fiberglass Coatings, Inc., 843 F.2d 812. "The underlying concern is . . . whether there is some possibility that the outcome . . . after a full trial will be contrary to the result achieved by the default." Id. A "general denial of the claims is insufficient to overturn a default." Hill v. Belk Stores Services, Inc., No. 3:06-cv-398, 2007 WL 1200093, at *2 (W.D.N.C. Apr. 19, 2007) (unpublished) (citing Sony Corp. v. Elm State Elecs., Inc., 800 F.2d 317, 320-21 (2d Cir. 1986)). Mitchell submitted affidavits in support of his motion. However, the affidavits fail to set forth a meritorious defense. The Plaintiff alleged in the complaint, "Mascot Homes, Inc. did not have a functioning corporate structure, was incapable of and did not have individuals making independent decisions, and did not follow the corporate formalities applicable to Corporation at all pertinent times herein." (Compl. ¶ 11.) Further, the Plaintiff alleged that Mascot Homes "is merely a facade for the operations of Mitchell, and the interests of Mitchell and Mascot Homes, Inc. are identical." (Id. ¶ 13.) Moreover, the Plaintiff submitted that "Mitchell has made decisions concerning Mascot Homes, Inc.'s finances by taking funds for other purposes and commingling those funds with his own personal accounts to the detriment of Mascot Homes, Inc.'s creditors and have otherwise improperly received personal benefits from Mascot Homes, Inc." (Id. ¶ 14.)

With respect to a meritorious defense, Mitchell's affidavit states that "[t]here is no basis for this suit against me personally. This account was with the corporation, Mascot Homes, Inc." (Mot. Vacate Ex. 4 (Mitchell Aff. ¶ 4).) However, this fails to address the Plaintiff's claim that

the corporate veil should be pierced because Mitchell failed to respect the corporate form and commingled his assets with those of the corporation and withdrew funds from the corporation. In addition, the other affidavits submitted by Mitchell merely state that Mitchell "has a meritorious defense to such an action" or a "valid defense." (Id. Ex. 2 (Randy Skinner Aff. ¶ 2) & Ex. 3 (Scott Womack Aff. ¶ 5).) Based on the foregoing, Mitchell's general denial of liability is insufficient to set forth a meritorious defense.

### 3. Lack of Unfair Prejudice

Unfair prejudice exists where certain witnesses or defendants cannot be located or a defendant company has ceased operations. Home Port Rentals, Inc. v. Ruben, 957 F.2d 126, 132 (4th Cir. 1992). The court finds that there is no unfair prejudice in this case. Mascot Homes remains in operation and Mitchell is available as a witness. Further, there is no evidence that any evidence has been destroyed or is unavailable due to the passage of time. Likewise, there is no evidence that any witnesses are unavailable.

### 4. Exceptional Circumstances

The court finds that Mitchell has not presented any exceptional circumstances. Mitchell states that he "do[es] not remember" being served with the lawsuit. (Mot. Vacate Ex. 4 (Mitchell Aff. ¶ 4).) However, Mitchell was personally served with the summons and complaint. (Dec. 10, 2008 Aff. of Service.) According to Henry L. Polston ("Polston"), an employee of Mascot Homes, the summons and complaint were forwarded to Mascot Homes' office where they were allegedly faxed to a lawyer. (Mot. Vacate Ex. 1 (Polston Aff. ¶ 3).) However, Randy Skinner ("Skinner"), Mitchell's counsel at the time, states that he did not receive the summons and complaint. (Id. Ex. 2 (Skinner Aff. ¶ 2).) Mitchell has offered no

competent evidence that the summons and complaint were faxed to his lawyer either through a witness with personal knowledge or documentary evidence. Based on the foregoing, there is no showing of exceptional circumstances. Therefore, Mitchell has failed to make a threshold showing necessary to obtain relief pursuant to Rule 60(b).

### B. Rule 60(b)(1)

Even if Mitchell could satisfy the threshold showing, Mitchell must show that he is entitled to relief under Rule 60(b)(1). Rule 60(b)(1) allows a party to obtain relief from a final judgment based on "mistake, inadvertence, surprise, or excusable neglect." "The extraordinary remedy of Rule 60(b) is only to be granted in exceptional circumstances." Wilson v. Thompson, No. 04-1099, 2005 WL 1607760, at *1 (4th Cir. Jul. 11, 2005) (unpublished) (citing Compton v. Alton S.S. Co., 608 F.2d 96, 102 (4th Cir. 1979)). To establish excusable neglect under Rule 60(b)(1), the movant "must demonstrate inter alia that he was not at fault and that the nonmoving party will not be prejudiced by the relief from judgment." Home Port Rentals, Inc. v. Ruben, 957 F.2d 126, 132 (4th Cir. 1992). In addition, "when the party is blameless, his attorney's negligence qualifies as a 'mistake' or as 'excusable neglect' under Rule 60(b)(1)." Augusta Fiberglass Coatings, Inc., 843 F.2d at 811. However, "[w]hen the party is at fault, the [the judicial system's need for finality and efficiency in litigation] dominate[s] and the party must adequately defend its conduct in order to show excusable neglect." Id.

As set forth above, the only evidence is that Mitchell and certain employees of Mascot Homes were responsible for the failure to defend himself in this action. Although Mitchell does not recall being served, the summons and complaint were personally served on Mitchell. Further, the summons and complaint were later discovered in a file at Mascot Homes, indicating

that Mitchell forwarded the summons and complaint to Mascot Homes. Polston alleges that the summons and complaint were faxed to Mitchell's counsel, Skinner, by another employee, Jessica Lawson ("Lawson"). (Mot. Vacate Ex. 1 (Polston Aff. ¶ 3).) However, Lawson has not provided an affidavit and there is no documentary evidence submitted to show that the summons and complaint were faxed to Mitchell's counsel, Skinner. As noted above, there is no competent evidence that Skinner is at fault for Mitchell's failure to appear in this action. To the contrary, Skinner states that he never received the summons and complaint. (Id. Ex. 2 (Skinner Aff. ¶ 2).) Based on the foregoing, Mitchell has failed to establish mistake or excusable neglect. For the reasons stated above, the court finds that Mitchell has failed to establish that he is entitled to relief pursuant to Rule 60(b)(1).

Therefore, it is

**ORDERED** that Mitchell's motion to vacate, docket number 13, is denied.

**IT IS SO ORDERED**.

                                                s/Henry M. Herlong, Jr.
                                                Senior United States District Judge

Greenville, South Carolina
October 13, 2009